# IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| ANN CHRISTINA CIANCONE, MD ) | |
| ) | |
| *Plaintiff* ) | |
| ) | No. 5:21-cv-00928 |
| v. ) | |
| ) | |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| *Defendant* ) | |

## NOTICE OF REMOVAL

Defendant, Metropolitan Life Insurance Company ("MetLife"), by its attorney, Jacqueline J. Herring of Smith, von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:

1.  Removing party MetLife is the defendant in the action captioned *Ann Christina Ciancone MD v. Metropolitan Life Insurance Company*, No. CV-2021-03-1007, pending in the Court of Common Pleas, Summit County, Ohio.  Plaintiff Ann Christina Ciancone MD ("Plaintiff") commenced this action on March 30, 2021 by filing a Complaint in the Court of Common Pleas, Summit County, Ohio.

2.  On April 6, 2021, MetLife was served with the Summons and Complaint.  A copy of the Summons and Complaint are attached hereto as Exhibits 1 and 2, respectively.  The Summons and Complaint constitute all of the process, pleadings and orders served on MetLife.

3.  Because Notice of Removal has been filed within 30 days of service, MetLife's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446.  The United States District

Court for the Northern District of Ohio, Eastern Division, is the appropriate venue for removal of this action from the Court of Common Pleas, Summit County, Ohio.  A copy of the Notice of Filing Notice of Removal to be filed with the Court of Common Pleas, Summit County, Ohio is attached as Exhibit 3.

4. MetLife removes this action pursuant to 28 U.S.C. §1441 *et seq.* based on federal diversity jurisdiction under 28 U.S.C. §1332.  The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff is a citizen of the State of Ohio, residing in Akron, Ohio.  (Ex. 2, Complaint Caption).  MetLife is organized under the laws of the State of New York with its principal place of business in New York, New York.  MetLife, therefore, is a citizen of the State of New York.  Accordingly, complete diversity of citizenship exists between the parties.

6. Plaintiff seeks payment of disability benefits under Disability Income Insurance Policy Number 6622583 ("Policy") issued by MetLife, and punitive damages for insurance bad faith.  (Ex. 2, Complaint ¶¶ 3, 6, 12-18, Prayer for relief).  Plaintiff alleges that a copy of the Policy is attached to the Complaint, but none was served on MetLife.  (Ex. 2, Complaint ¶ 3).  A copy of the relevant Policy provisions is attached hereto as Exhibit 4.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff alleges that she has been disabled since November 2018 and is entitled to payment of disability benefits under the Policy.  (Ex. 2, Complaint ¶¶ 5, 8, 12-14).  The Policy provides a monthly benefit of $1,840.  (Ex. 4, Policy, pg. 2 of 22).  Therefore, Plaintiff's claim for Policy benefits is at least $40,480.[1]

---

[1] The Policy has a 180-day Elimination Period during which no benefits are payable.  (Ex. 4, Policy, pgs. 2, 5 of 22).  Benefits total $40,480 for the 22 months from May 2019 to March 2021 (22 x $1,840).

8. Plaintiff's claim for punitive damages is included in the amount in controversy. "'When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered.'" *Sutter v. American Family Ins. Co.*, No. 1:20-cv-974, 2021 WL 630825, at *3 (S.D. Ohio Feb. 18, 2021) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (brackets and ellipses omitted). Ohio law permits an award of punitive damages for a claim of insurance bad faith, in an amount up to two times the amount of compensatory damages, which for Plaintiff's claim is more than $80,000. *Sutter*, 2021 WL 630825, at *4 (citing Ohio Rev. Code §2315.21(D)(2)(a)); *Wyatt v. New England Mutual Life Ins. Co.*, No. 2:17-cv-40, 2017 WL 954794, at *3 (S.D. Ohio Mar. 13, 2017), *rpt & rec. adopted*, 2017 WL 1234056 (S.D. Ohio Apr. 3, 2017). *See also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 472-473 (6th Cir. 2019) (upholding finding of amount in controversy based on a 2:1 ratio of punitive damages to compensatory damages in a case for payment of disability benefits); *Estate of Millhon v. Unum Life Ins. Co. of Am.*, No. 2:08-cv-652, 2009 WL 2431252, at *3 (S.D. Ohio Aug. 5, 2009) (punitive damages for bad faith added to disability benefits to determine the amount in controversy); *Wyatt*, 2017 WL 954794, at *3 (same).

9. The amount in controversy, therefore, exceeds $120,000, well in excess of the $75,000 jurisdictional minimum. This Court has original jurisdiction over this matter based on federal diversity jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446. A copy of the docket materials from the Court of Common Pleas, Summit County, Ohio is attached as Exhibit 5.

WHEREFORE, Removing Party and Defendant, Metropolitan Life Insurance Company, requests that the above titled action be removed from the Court of Common Pleas, Summit

County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern

Division.

                                                Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (IL-6282246)<br>SMITH \| VON SCHLEICHER + ASSOCIATES<br>180 North LaSalle St. Suite 3130<br>Chicago, Illinois 60601<br>P  312.541.0300  \|  F  312.541.0933<br>jackie.herring@svs-law.com | By: */s/ Jacqueline J. Herring*<br>     Attorney for Defendant,<br>     Metropolitan Life Insurance Company |

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2021, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the attorneys addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

William J. Novak
Novak, LLP
Hoyt Block Building, Suite 418
700 West St. Clair Avenue
Cleveland, Ohio 44113
william@novak-law.com

Colin P. Sammon
Sammon Law, LLC
4931 Shady Brooke Run
Medina, Ohio 44256
colin@sammonlaw.com

*/s/ Jacqueline J. Herring*
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
jackie.herring@svs-law.com
Ill. Bar No. 6282246