# EXHIBIT 2

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| ANN CHRISTINA CIANCONE MD ) <br> Redacted ) <br> AKRON, OH  Redacted ) <br> ) <br> *Plaintiff,* ) <br> ) <br> vs. ) <br> ) <br> METROPOLITAN LIFE INSURANCE ) <br> COMPANY ) <br> PO BOX 30429 ) <br> TAMPA, FL 33630-3429 ) <br> ) <br> *Defendant.* ) <br> ) <br> ) <br> ) | CASE NO. _____ <br><br> JUDGE _____ <br><br><br> **COMPLAINT** <br><br> *(**Jury Demand Endorsed Hereon**)* |

## PARTIES

1. Plaintiff, Ann Ciancone MD, is a physician licensed to practice medicine in the State of Ohio.

2. At all times herein relevant, Metropolitan Life Insurance Company was and is a corporation authorized to do business and Insuring risks in the State of Ohio.

3. The Plaintiff purchased a disability income policy from the Defendant and continues to make premium payments under the terms of the policy which is attached to this complaint.

## VENUE

Received

APR 16 2021

MetLife Law Department

4. Defendant routinely conducted business, insured risks, handled claims and maintained a physical presence in the State of Ohio and Summit County specifically as respects insuring physicians at Akron General Hospital.

## BACKGROUND

5. Plaintiff was previously employed as a psychiatrist in Summit County prior to the onset of her occupational and total and permanent disability.

6. On June 1, 2010, Plaintiff was issued a policy of disability income insurance, policy number 6622583 from the Defendant company. That policy which Plaintiff continues to pay premiums on provides for monthly total disability benefits including but not limited to total disability monthly benefits, residual disability, and occupational benefits.

7. From the inception of the issuance of the policy, Plaintiff was employed as a physician at Akron General Hospital, Wooster Hospital and Salem Hospital as a psychiatrist. During this period of time Plaintiff continues to pay premiums under the terms of the Defendant policy.

8. On September 26, 2018 Plaintiff was involved in a motor vehicle accident in which she sustained a closed head injury which prevented her from going back to her occupation as a physician. She has not worked since November 2018. Because of Plaintiff's post-concussive syndrome she is incapable of performing work as a physician and the documentation of this injury has been provided to Defendant in the form of medical records and physician reports subsequent to the timely filing of notice of claim.

Sandra Kurt, Summit County Clerk of Courts

9. Notwithstanding with Plaintiff's compliance with the terms of the policy, Defendant engaged in an arbitrary, dilatory, and unreasonable investigation of Plaintiff's total disability claim.

10. Defendant has an intentional and notorious practice of arbitrarily rejecting physician claims for total disability in Akron, Ohio specifically at Akron General hospital.

11. Defendant's evaluation, and claim's administration was contrary to the terms and provisions of its policy and the denial of Plaintiff's claim was arbitrarily and capriciously made based upon its own financial interests.

## COUNT I

## BREACH OF CONTRACT

12. Plaintiff realleges the foregoing allegations of this pleading as if fully re-stated herein.

13. Plaintiff has performed all obligations under the terms of the policy including but not limited to providing medical reports and records, continuation of premium payments and submitting to a so-called IME examination.

14. Notwithstanding Plaintiff's performance of its obligations, Defendant breached the terms of the policy by refusing to pay all sums due and owing that were promised under the coverage provisions of the policy.

## COUNT II

## BREACH OF FIDUCIARY DUTIES AND/OR BREACH OF COVENANT OF GOOD FAITH

15. Plaintiff realleges the foregoing allegations of this pleading as if fully re-stated herein.

16. Defendant knowingly, willfully, intentionally and purposely violated its fiduciary duties to plaintiff by ignoring or disregarding the opinions of treating physicians and

Sandra Kurt, Summit County Clerk of Courts

basing its policy denial solely upon a so-called IME examination as hired by Defendant with negligent and willful disregard for the medical opinions of treating physicians.

17. Defendant's actions in denying Plaintiff's claim for total disability benefits was motivated solely by a desire to maximize profits at Plaintiff's expense who continues to make payments under the terms of the policy.

18. Based upon the bad faith conduct of the Defendant, Plaintiff is not only entitled to full and complete benefit payments under the terms of the policy but is also entitled to punitive damages for breach of fiduciary duties and the bad faith claim handling and claim evaluation. Plaintiff is also entitled to attorney fees and litigation expenses.

## COUNT III

## DECLARATORY RELIEF

19. Plaintiff realleges the foregoing allegations of this pleading as if fully re-stated herein.

20. Since a justifiable controversy exists between Plaintiff and Defendant, a declaration of rights and legal relations is requested to determine questions of construction and standards under the terms of the policy of insurance that was issued to the Plaintiff.

21. Plaintiff demands payment of all amounts under the terms of the policy and related benefits.

22. Plaintiff seeks declaratory relief in the form of a judgment establishing that Defendants continuing nonpayment of amounts due under the terms of the policy and unjustified interpretation of the policy terms is in violation of the terms of the policy.

## PRAYER

WHEREFORE, Plaintiff prays for damages against Defendant in an amount in excess of $25,000 and punitive damages plus attorney's fees, and costs of this action.

4

Respectfully submitted,

*/s/ William. J. Novak*
WILLIAM J. NOVAK (0014029)
**NOVAK, LLP**
Hoyt Block Building, Suite 418
700 West St. Clair Avenue
Cleveland, Ohio 44113
Telephone: (216) 781-8700
Facsimile: (216) 781-9227
Email: william@novak-law.com

and

*/s/ Colin P. Sammon*

COLIN P. SAMMON (0076011)

**Sammon Law, LLC**
4931 Shady Brooke Run Medina, Ohio 44256
Phone: (216) 978-3308
Fax: (216) 916-4905
Email: colin@sammonlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

A jury pursuant to Civil Rule 38(B) is hereby demanded for all issues.

*/s/ William. J. Novak*
WILLIAM J. NOVAK (0014029)

## TO THE CLERK

PLEASE SERVE THIS DOCUMENT (COMPLAINT) TO THE DEFENDANT BY CERTIFIED MAIL, OR OTHER APPROPRIATE MEANS, RETURN RECEIPT REQUESTED, AT THE ADDRESSES LISTED IN THE CAPTION.

/s/ *William. J. Novak*
WILLIAM J. NOVAK (0014029)